# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TUOLUMNE COUNTY SUPERIOR COURT,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00875-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF Nos. 1, 3)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Raymond C. Watkins, a pretrial detainee, is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint and an application to proceed without prepayment of fees.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1 A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a pretrial detainee in the custody of Tuolumne County. In this action Plaintiff includes documents that he filed in the California Supreme Court alleging that the judge in his case is prejudiced against him and is helping the district attorney. On June 13, 2018, the California Supreme Court denied Plaintiff writ of habeas corpus. (ECF No. 1 at 11.[1]) Plaintiff includes a declaration in support of his writ of habeas corpus which largely includes citations to case law. (Id. at 12-19.) Plaintiff states that he is seeking discovery on his claim for judicial corruption. (Id. at 12.) Plaintiff alleges that he is being denied evidence by the judge and the district attorney and alleges bribery and corruption of public officials. (Id. at 12-13.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1    On September 29, 2016, Plaintiff was arrested by Officer Imlach and a deputy trainee
2 without any interview to determine if he was guilty or innocent. (Id. at 13.) He tried to call for
3 medical help for his wounds, but Deputy Imlach radioed for dispatch to ignore his 911 call. (Id.)
4 Plaintiff turned on the video on his phone. (Id.) Deputy Imlach tried to take Plaintiff's phone
5 and Plaintiff put it in both of his hands behind his back. (Id.) Plaintiff asked for his boots
6 because he had just woken up. (Id.) Plaintiff's phone was taken, the video was erased, and he
7 was denied his boots. (Id.) Plaintiff was taken outside and pushed off the porch when he asked
8 for foot protection. (Id.) Plaintiff was refused medical care for a month. (Id.)

9    Plaintiff was provided with discovery in October 2016. (Id.) In November 2017,
10 Plaintiff's attorney told him that he did not have a case and had a new felony for violation of
11 California Penal Code section 69. (Id. at 13-14.) Plaintiff told his attorney that his discovery
12 alone would defend him from her attack. (Id. at 14.) Plaintiff called his mother around
13 December 23, 2017, and asked her to copy down the charges against him but not to give it to his
14 attorney. (Id.) Plaintiff's mother ignored his instructions and met with his attorney and gave her
15 the discovery. (Id.) Plaintiff received his discovery on January 1, 2018 and it was in color with
16 no censoring of the confidential victim's information. (Id.) There was also a black and white
17 copy of additional narrative with the confidential victim's information censored. (Id.)

18    Plaintiff had begged for transcripts since December 2017, and finally got an altered
19 version in June 2018. (Id. at 18.) Plaintiff called his wife to get them for him when he realized
20 his attorney was blocking his request. (Id.)

21    Plaintiff alleges that the judicial team realized his arrest was unconstitutional and when
22 Tedi Watkins realized that they were charging him with a felony for asking her to communicate
23 with him they hatched a plan to protect Deputy Imlach. (Id. at 14.) Plaintiff contends that they
24 conspired to have him transferred to Stanislaus County and rebooked to create another case. (Id.
25 at 14-15.) Plaintiff states that the charges he was originally booked on have been dropped and he
26 is now in custody on new felony charges. (Id. at 15.) Plaintiff alleges that his public defender is
27 refusing to defend him, even ignoring evidence from witnesses that he was beaten by the victim
28 for years and evidence of mental issues. (Id.) Plaintiff's wife admitted that she beat him on

1 multiple occasions and his public defender has not used that information to counter the
2 prosecution's case or consulted an expert on domestic partner battering. (Id. at 19.)

3 Plaintiff contends that his right to a competency hearing is being violated and that his
4 counsel was illegally removed. (Id. at 18.)

## III.

## DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under … 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). Federal courts lack habeas jurisdiction over claims by state prisoners that are not within "the core of habeas corpus." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), cert. denied, 137 S.Ct. 645 (2017). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. Id. at 934. "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at "the core of habeas corpus,' and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 534 n.13 (2011) (citing Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); Nettles, 830 F.3d at 934.

Here, Plaintiff clearly brings a writ of habeas corpus to challenge the validity of his confinement. As such, the proper avenue to seek such relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Therefore, Plaintiff's complaint must be dismissed.

Although the Court would generally grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief

should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

Additionally, the Court notes that on June 26, 2018, Plaintiff filed a writ of habeas corpus addressing the claims that he seeks to bring here. Watkins v. Tuolumne County Superior Court, No. 1:18-cv-00876-EPG (E.D. Cal.) Therefore, a further habeas petition would be duplicative of the claims that are currently pending in Watkins v. Tuolumne County Superior Court, No. 1:18-cv-00876-EPG.

## IV.

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff filed an application to proceed in this action without prepayment of fees. Plaintiff did not file an application by a prisoner and therefore used the incorrect application. However, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998), as amended (Sept. 9, 1998) (quoting Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.") In light of the finding that Plaintiff's claims must be adjudicated in a writ of habeas corpus, the Court recommends that the application to proceed without prepayment of fees be denied.

## V.

## CONCLUSION AND RECOMMENDATION

For the reasons stated, Plaintiff has failed to state a cognizable claim under section 1983. Upon review of the allegations in the complaint, the Court finds that allowing amendment of the complaint would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's complaint be DISMISSED without leave to amend; and

2.  Plaintiff's application to proceed in forma pauperis be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 10, 2018**

UNITED STATES MAGISTRATE JUDGE